Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7873 | **DATE** | 11/13/2003 |
| **CASE TITLE** | | Hassberger vs. Board of Education | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] This matter is before the Court on Defendants Board of Education, Central Community Unit School District 301 and William Hoecker, District Superintendent's motion for summary judgment. For the reasons stated on the attached memorandum opinion, we grant the motion for summary judgment in favor of the defendants. All pending dates and motions are hereby stricken as moot. Enter Memorandum Opinion. Terminating case.

(11) ■ For further detail see Memorandum Opinion attached to the original minute order.

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | NOV 14 2003 | |
| | Notified counsel by telephone. | | date docketed | 22 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| MW | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JEFFREY HASSBERGER, a Minor, )
by his father and next friend, JEFFREY )
HASSBERGER, )
 )
    Plaintiff, )
 )
v. ) No. 00 C 7873
 )
BOARD OF EDUCATION, CENTRAL )
COMMUNITY UNIT SCHOOL DISTRICT )
301, and WILLIAM HOECKER, in his )
official capacity, )
 )
    Defendants. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants Board of Education, Central Community Unit School District 301 ("District") and William Hoecker, District Superintendent's motion for summary judgment. For the reasons stated below, we grant the motion for summary judgment.

## BACKGROUND

In June 1999 Plaintiff Jeffery Hassberger ("Jeff") completed sixth grade at St. Patrick's Catholic School ("Saint Patrick's") in Saint Charles, Illinois. At the end of Jeff's sixth grade year his assessment test indicated he was double advanced, performing at two grade levels above his own in mathematics. In July 1999 Jeff's mother, Sharon Hassberger, called District

1

Superintendent William Hoecker ("Hoecker") on the phone and wrote a letter to Hoecker requesting that her son be admitted in the fall on a part-time basis into the Algebra I class at the District. St. Patrick's did not offer Algebra I for the seventh grade. Hoecker denied the request. In the 1999-2000 academic year Jeff proceeded to take Algebra I as an independent study at St. Patrick's. Sharon Leitsch ("Leitsch") taught seventh grade math at St. Patrick's. She did not lecture Jeff for Algebra I, but instead allowed Jeff to work on his own and assisted Jeff only when he requested assistance. Jeff's quarterly grades in Algebra I included two "B"s, one "B-," and one "C." Jeff's grades in his other courses in the 1999-2000 academic year included two "A+"s, nineteen "A"s, five "A-"s, one "B+," and two "B"s.

In the spring of 2000 the Hassbergers decided to request that Jeff be allowed to take Algebra II or Geometry at the District. St. Patrick's is a Kindergarten through eighth grade school and thus Saint Patrick's does not offer Algebra II or Geometry in its curriculum. Saint Patrick's Principal, Joseph Battisto ("Battisto"), sent a letter dated April 19, 2000, to Hoecker requesting that Jeff be permitted to take Algebra II or Geometry within the District in the 2000-2001 academic year. The letter was signed by both Battisto and Leitsch. Hoecker investigated Jeff's request by contacting Battisto and Leitsch. In a phone conversation Leitsch described the Algebra I course to Hoecker and told him that she thought that Jeff was prepared for Algebra II or Geometry. Leitsch mailed to Hoecker all of Jeff's grades, homework, quizzes, and tests, test scores in Algebra and provided Hoecker with the name of the text book Jeff used for his Algebra I course.

Hoecker agreed to allow Jeff to enroll as a part-time student. However, Hoecker decided to place Jeff in an Honors Algebra I class within the District. Hoecker claims that he based his decision on his review of Jeff's Algebra I course and grades at St. Patrick's. Jeff declined his placement in the Honors Algebra I class and instead enrolled in Algebra II at Elgin Community

2

College while he was a full time eighth grader at Saint Patrick's. Jeff is currently enrolled at Bennett Academy for his highschool education. Plaintiffs' two count complaint alleges that the District violated Jeff's equal protection rights and that the District violated Jeff's procedural due process rights.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In seeking a grant of summary judgment the moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case." *Celotex*, 477 U.S. at 325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but, "by affidavits or as otherwise provided for in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). The court must consider the record as a whole in a light most favorable to the nonmoving party and draw all

reasonable inferences that favor the nonmoving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

## DISCUSSION

### I. July 1999 Request

Although in the summer of 1999 Hoecker denied the Hassbergers' request to attend Algebra I at the District, the 1999 request failed to comply with the requirements of the governing Illinois statute. Pursuant to 735 ILCS 5/10-20.24 students in private schools can request to attend a public school on a part-time basis. However, the statute states that a "[r]equest for attendance in the following school year must be submitted by the nonpublic school principal to the public school before May1." The letter sent to Hoecker in 1999 was sent by Sharon Hassberger rather than St. Patrick's school principal and the letter was dated July 18, 1999, which was after May 1. Therefore, the 1999 request to attend Algebra I was not properly submitted and thus we grant summary judgment to the extent that Plaintiffs seek to recover based on a denial of the 1999 request.

### II. Equal Protection Claim

In Count II of the complaint Plaintiffs allege that the District violated Jeff's equal protection rights. If an equal protection claim focuses on the denial of a fundamental right or involves the fact that the plaintiff is a member of a suspect class then such claims are examined under the strict scrutiny test. *Martin v. Shawano-Gresham School Dist.*, 296 F.3d 701, 712 (7th Cir. 2002). All other equal protection claims are examined under the deferential rational basis test. *Id.*; *Smith v. Severn*, 129 F.3d 419, 429-30 (7th Cir. 1997). The right to a public education is not a fundamental right. *Martin*, 296 F.3d at 712; *Smith*, 129 F.3d at 429.

4

Plaintiffs' claim will be reviewed under the rational basis test because Jeff is not a member of a suspect class and his right to a public education is not a fundamental right. The U.S. Supreme Court has held that an individual may state a "class of one" equal protection claim if the individual has "been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Martin*, 296 F.3d at 712 (quoting *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)). In this case Plaintiffs have not identified one other student that is similarly situated to Jeff. There is no evidence that another student enrolled in a private school attempted to take a math course on a part- time basis in the District and was assigned to a lower level than was requested. We find that no reasonable juror could conclude that Plaintiffs should prevail under the rational basis review. Hoecker is an educator whose duties include the overseeing of the part time enrollments. Hoecker spoke to the principal of St. Patrick's and to Jeff's math teacher at St. Patrick's. Hoecker noted that Jeff studied Algebra I under a different textbook than is used in the District. Jeff took Algebra I as an independent study rather than in a structured class environment and his teacher only assisted him when he requested assistance. Jeff's grades in Algebra I were lower than his grades in other classes. Hoecker reasonably determined that Jeff's proper place was in the honors Algebra I. Plaintiffs present a litany of persons that disagree with Hoecker. Plaintiffs contend that Jeff's principal and his teacher at St. Patrick's thought that Jeff was ready for Algebra II or Geometry. Plaintiffs contend that Jeff's parents thought he was ready. Plaintiffs even argue that Jeff thought that he was ready for Algebra II or Geometry. However, Hoecker is the person charged with the responsibility of determining what class was appropriate for Jeff based on his background. We find that no reasonable jury could find that Hoecker acted in an arbitrary or capricious manner. Therefore, we grant the motion for summary judgment on the equal protection claim.

### III. Procedural Due Process Claim

Plaintiffs also contend that Defendants violated Jeff's procedural due process claims. To establish a procedural due process claim a plaintiff must establish: 1) that he was deprived of a protected property or liberty interest, and 2) that the plaintiff was deprived of that interest without adequate procedural protections. *Galdikas v. Fagan*, 342 F.3d 684, 691 (7th Cir. 2003). An individual does have a property interest in public education in state-established and state-maintained school systems. *Martin*, 296 F.3d at 705; *Smith*, 129 F.3d at 428. In this case, although we recognize that Jeff has a protected property interest in a public education, there is no protected property interest in choosing the class of his choice. The District was directed to allow students to enter the District part time pursuant to 735 ILCS 5/10-20.24, but the statute does not direct the District to allow the student to enter the class of his choice. Plaintiffs argue that pursuant to 105 ILCS 5/10-20.9a(b) that the District was required to promote students based on their academic performance and successful completion of the curriculum. However, in this case that is exactly what Hoecker contends that he did. Hoecker found that although Jeff took an independent study entitled Algebra I at St. Patrick's, Jeff's knowledge in the summer of 2000 was comparable to the Algebra I honors course at the District. Plaintiffs also make the argument that if the District can choose what class part time students are placed in, the right to part-time attendance is meaningless because the District could choose to put a student in band class rather than a math class. This argument is ridiculous. The District obviously does not have unbridled discretion as to what class a student is placed in, but as in the instant case, the difference between Algebra I and Algebra II is minimal. We find that no reasonable jury could find in Plaintiffs' favor on the procedural due process claim. *See Epperson v. State of Ark.*, 393 U.S. 97, 104 (1968)(stating that the courts should not interfere with the daily operation of school systems unless a conflict "sharply implicate[s] basic constitutional values); *Sandlin v. Johnson*, 643 F.2d

6

1027, 1029 (4th Cir. 1981)(stating that the "[d]ecisions by educational authorities which turn on evaluation of the academic performance of a student as it relates to promotion are peculiarly within the expertise of educators and are particularly inappropriate for review in a judicial context.) *Johnpoll v. Ellias*, 513 F.Supp. 430, 432 (D.C.N.Y. 1980)(stating that the court "cannot be used as a vehicle to review fundamental administrative decisions such as student placement). Therefore we grant the motion for summary judgement on the procedural due process claim.

## CONCLUSION

Based on the foregoing analysis, we grant Defendant's motion for summary judgment.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: 11-13-03